UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL S.

                Plaintiff,

v.                                          1:20-CV-1704
                                          (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                             OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC     KENNETH HILLER, ESQ.
  Counsel for Plaintiff
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.              JESSAMYN HANNA, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before the undersigned.  (Dkt. No. 14.)  The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

## I.      RELEVANT BACKGROUND

## A.    Factual Background

Plaintiff was born in 1981.  (T. 83.)  He received a GED.  (T. 224.)  Generally, Plaintiff's alleged disability consists of Crohn's disease, arthritis, anemia, and colitis.  (T. 86.)  His alleged disability onset date is July 1, 2016.  (T. 83.)  His date last insured is September 30, 2019.  (*Id.*)  His past relevant work consists of attendant, caterer, cook, and customer service.  (T. 224.)

## B.    Procedural History

On June 19, 2017, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act.  (T. 83.)  Plaintiff's applications were initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ").  On August 8, 2019, Plaintiff appeared before the ALJ, Bryce Baird.  (T. 32-82.)  On December 10, 2018, ALJ Baird issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 12-31.)  On September 29, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-6.)  Thereafter, Plaintiff timely sought judicial review in this Court.

## C.    The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 17-27.)  First, the ALJ found Plaintiff met the insured status requirements through September 30, 2019, and Plaintiff had not engaged in substantial gainful activity since July 1, 2016.  (T. 17.)  Second, the ALJ found Plaintiff had the severe impairments of: arthritis and Crohn's disease.  (*Id.*)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments

located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 19.)  Fourth, the ALJ found

Plaintiff had the residual functional capacity ("RFC") to perform:

> light work as defined in [20 C.F.R. §§ 404.1567(b) and 416.967(b)] except [Plaintiff] can lift and carry on occasion up to 20 pounds and lift and carry frequently up to 10 pounds. He can sit for up to six hours in an eight-hour workday, and he can stand and/or walk for up to six hours in an eight-hour workday. He is limited to occasional climbing of ramps and stairs, but he cannot climb ladders, ropes, or scaffolds. [Plaintiff] can occasionally stoop, kneel, and crouch, but he cannot crawl. He can tolerate no exposure to hazards, such as unprotected heights or moving machinery. He cannot have exposure to excessive vibration. Due to symptoms of distracting pain, he is limited to simple routine tasks that can be learned after a short demonstration or within 30 days. He cannot perform production rate or pace work. He would be off task approximately 5% of the workday in addition to regularly scheduled breaks. [Plaintiff] is limited to work that does not require more than simple work-related decisions, work that would allow for variations in productivity, and work in which he is not required to independently develop work strategies or identify workplace needs. [Plaintiff] is limited to jobs that do not require teamwork such as on a production line.

(T. 19-20.)[1]  Fifth, the ALJ determined Plaintiff unable to perform his past relevant work;

however, there were jobs that existed in significant numbers in the national economy

Plaintiff could perform.  (T. 25-27.)

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Arguments

Plaintiff makes one argument in support of his motion for judgment on the

pleadings.  Plaintiff argues the ALJ erred by relying on the findings of the non-examining

State agency medical examiner instead of the findings of the physical consultative

---

[1]    Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. §§ 404.1567(b), 416.967(b).

examiner, which contained work-preclusive limitations supported by the record and Plaintiff's symptoms.  (Dkt. No. 10 at 14-19.)  Plaintiff also filed a reply in which he reiterated his original argument.  (Dkt. No. 13.)

### B.   Defendant's Arguments

In response, Defendant makes two arguments.  First, Defendant argues the ALJ's RFC finding is supported by substantial evidence in the record.  (Dkt. No. 12 at 10-15.)  Second, and lastly, Defendant argues the ALJ properly evaluated the opinion evidence, and his findings are supported by substantial evidence.  (*Id.* at 15-25.)

## III.   RELEVANT LEGAL STANDARD

### A.   Standard of Review

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  "[I]t is . . . a very deferential standard of review - even more so than the 'clearly erroneous' standard."  *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012).  In particular, it requires deference "to the Commissioner's resolution of conflicting evidence."  *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). It is not the Court's "function to determine de novo whether a plaintiff is disabled." *Brault*, 683 F.3d. at 447.  "In determining whether the agency's findings were supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks

4

omitted).  "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."  *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "The substantial evidence standard means once an ALJ finds facts, we can reject those facts 'only if a reasonable factfinder would have to conclude otherwise.' " *Brault*, 683 F.3d at 448.  The Court "require[s] that the crucial factors in any determination be set forth with sufficient specificity to enable [the reviewing Court] to decide whether the determination is supported by substantial evidence."  *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (alterations and internal quotation marks omitted).

## B.      Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S . Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.    ANALYSIS

Plaintiff argues the ALJ committed legal error by relying upon the findings of the non-examining State agency medical consultant, Dr. S. Putcha, M.D. instead of the findings of the physical consultative examiner, Dr. Nikita Dave, M.D. which contained work-preclusive limitations.  (Dkt. No. 10 at 14-16.)  Further, Plaintiff argues evidence in the record supports Dr. Dave's assessed limitations.  (*Id.* at 16-18.)  Here, the ALJ properly assessed the medical opinion evidence in the record and substantial evidence supports the ALJ's determination.

In assessing medical opinions, the ALJ must articulate how he or she considered certain factors.  *See* 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c).  The regulatory factors are: (1) supportability, (2) consistency, (3) relationship with the plaintiff (which has five sub-factors of its own to consider), (4) specialization, and (5) other factors.  *Id.* §§ 404.1520c(c), 416.920c(c).  An ALJ must explain his or her approach with respect to the first two factors when considering a medical opinion, but need not expound on the remaining three.  *Id.* §§ 404.1520c(b), 416.920c(b).

The first factor, supportability, looks at how well a medical source supported and explained his or her opinion about a plaintiff. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).  The strength of a medical opinion is increased as the relevance of the objective medical evidence and explanations increase.  *Id.*  The second factor, consistency, looks at whether a medical provider's findings and opinions are consistent with those of other medical providers and medical evidence.  *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2).  The more consistent a particular medical source/opinion is with other evidence in the medical record, the stronger that medical opinion becomes.  *Id.*

The ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [plaintiff's own] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). All medical opinions are evaluated for their persuasiveness and must be assessed under the same standard of supportability and consistency with no presumption that one opinion carries more weight than another. *Hilton v. Kijakazi*, No. 20-CV-9318, --F. Supp. 3d. ---, 2022 WL 1451476, at *4 (S.D.N.Y. May 9, 2022).

Even in claims filed before March 27, 2017, when the regulations recognized a hierarchy of source opinion, the Second Circuit upheld decisions where the ALJ afforded greater weight to a non-examining source over an examining source. *See, e.g., Camille v. Colvin*, 652 F. App'x 25, 27 (2d Cir. 2016) (holding that an ALJ was permitted to conclude that the assessment of a State agency consulting psychologist was more reliable than that of a treating psychiatrist); *Petrie v. Astrue*, 412 F. App'x 401, 405-06 (2d Cir. 2011) (affirming where treating source opinions were contradicted by evidence including the assessment of a State agency psychologist); *see also Frye ex rel. A.O. v. Astrue*, 485 F. App'x 484, 487 (2d Cir. 2012) ("The report of a State Agency medical consultant constitutes expert opinion evidence which can be given weight if supported by medical evidence in the record."). Therefore, the ALJ did not commit *per se* legal error in finding the opinion of a non-examining source more persuasive than an examining source.

Drs. Dave and Putcha provided opinions regarding Plaintiff's work-related functional abilities. On August 24, 2017, Dr. Dave performed a consultative examination, reviewed X-rays of Plaintiff's right shoulder and hand, and provided a

medical source statement.  (T. 550-555.)  Dr. Dave opined Plaintiff "would require

frequent restroom breaks."  (T. 553.)  She also opined Plaintiff "may have moderate to

marked limitations for activities requiring exertion, prolonged standing, walking, bending,

twisting, lifting, carrying, pushing, pulling, and climbing due to Crohn's disease."  *Id.*

On November 14, 2017, Dr. Putcha reviewed the record and provided a physical

residual functional capacity assessment.  (T. 92-96.)  Dr. Putcha opined Plaintiff could

occasionally lift and carry 50 pounds, frequently lift and carry 25 pounds, stand and/or

walk about six hours in an eight-hour workday, and sit about six hours in an eight-hour

workday.  (T. 92.)  Dr. Putcha opined Plaintiff had no postural, manipulative, visual,

communicative, or environmental limitations.  (*Id.*)  Dr. Putcha explained her opined

limitations were based on evidence in the record from 2017 and Dr. Dave's

examination.  (T. 93.)  Dr. Putcha explained Dr. Dave's opinion relied "heavily on

[Plaintiff's] subjective report of symptoms" which were not supported by the totality of

the evidence.  (T. 94.)  The doctor further explained Dr. Dave's opinion was "an

overestimate of the severity of [Plaintiff's] restrictions/limitations."  (*Id.*)

In assessing the persuasiveness of the medical consultants' opinions the ALJ

articulated how he considered the factors of supportability and consistency. The ALJ

found Dr. Dave's opinion "unpersuasive," however, the ALJ found her objective

examination findings "largely consistent with the objective findings from treatment

providers and support the above residual functional capacity for a range of light

exertional work."  (T. 24.)  The ALJ reasoned the doctor's opined limitations were not

supported by her own findings and appeared to be based largely on Plaintiff's subjective

reports.  (*Id.*)  The ALJ further reasoned the doctor's opinion was "not consistent" with

treatment records which showed "generally unremarkable examination findings except for some abdominal tenderness and one examination showing bilateral finger swelling." (*Id.*)

The ALJ found Dr. Putcha's opinion "persuasive." (T. 24.) The ALJ concluded the opined limitations were "generally consistent with and supported by the objective signs and findings" in treatment records. (*Id.*) However, the ALJ concluded Plaintiff had greater functional limitations than opined by Dr. Putcha based on Plaintiff's testimony that stress exacerbated his Crohn's symptoms and evidence of "some arthritic activity in his hands." (*Id.*)

The ALJ did not commit legal error in finding the opinion of a non-examining consultative source more persuasive than an examining source because the examining relationship is just one of the sub-factors to be considered in assessing source opinions. The regulations direct ALJs to consider prior administrative medical findings and medical evidence from examining and non-examining medical consultants under 20 C.F.R. §§ 404.1520c and 416.920c. *See id.* §§ 404.1513a(b)(1), 416.913a(b)(1). As outlined above, the only two factors the ALJ must consider and articulate when assessing opinion evidence are supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The examining relationship between the source and a plaintiff is just one factor the ALJ will consider if two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported and consistent with the record, but are not exactly the same. *Id.* §§ 404.1520c(b)(3), 404.1520c(c)(3) 416.920c(b)(3), 416.920c(c)(3). Because the ALJ did not find the doctors' opinions equally well-supported and consistent, the ALJ was not required to

articulate his consideration of the examining relationship.  Therefore, the ALJ did not err in finding the opinion of a non-examining source more persuasive than the opinion of an examining source.

Next, Plaintiff argues "the record provided ample evidence of persistent abdominal pain, nausea, and vomiting that would result in frequent bathroom breaks, regular absences from work, and other limitations assessed by Dr. Dave."  (Dkt. No. 10 at 17.)  In support of his assertion, Plaintiff cites evidence in the record of emergency department treatment for Crohn's disease flare ups.  (*Id.* at 16-18.)

Under the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support his position.  Substantial evidence "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek,* 139 S. Ct. at 1154 (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).  Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record.  *See Brault,* 683 F.3d at 448; *see also Wojciechowski v. Colvin,* 967 F.Supp.2d 602, 605 (N.D.N.Y. 2013) (Commissioner's findings must be sustained if supported by substantial evidence even if substantial evidence supported the plaintiff's position); *see also Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir. 1991) (reviewing courts must afford the Commissioner's determination considerable deference and cannot substitute own judgment even if it might justifiably have reached a different result upon a *de novo* review).

Here, Plaintiff fails to show that no reasonable factfinder could have reached the ALJ's conclusion.  To be sure, Plaintiff outlines evidence in the record that he sought treatment for abdominal pain.  (Dkt. No. 10 at 16-17.)  However, the ALJ also considered this evidence in his overall assessment of Plaintiff's treatment record and came to a different conclusion.  (T. 26-28.)  A review of the record indicates the ALJ did not misstate or ignore evidence in the record.  Overall, the deferential standard of review prevents a court from reweighing evidence.  *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016).

Lastly, Plaintiff makes the conclusory argument that the ALJ's RFC was the product of legal error because he "cannot permissibly rely upon his own lay opinion by concluding, without medical support, that a Plaintiff can perform work he testified that he was unable to do."  (Dkt. No. 10 at 18); citing *Tina M. v. Comm'r of Soc. Sec.*, No. 19-CV-1481-LJV, 2021 WL 1298492, at *5 (W.D.N.Y. Apr. 7, 2021).  Here, the RFC was proper and supported by substantial evidence in the record.

In formulating the RFC assessment, the ALJ considered the objective medical evidence, Plaintiff's activities of daily living, treatment history, allegations, and the medical opinions.  As such, the RFC assessment in this case is consistent with the record as a whole and is supported by substantial evidence.  As outlined herein, the ALJ found Dr. Putcha's opinion persuasive; however, ultimately determined Plaintiff had greater limitations based on Plaintiff's testimony.  (T. 24); *see Riederer v. Comm'r of Soc. Sec.*, 464 F. Supp. 3d 499, 505-506 (W.D.N.Y. 2020); *Baker v. Berryhill*, No. 1:15-CV-00943, 2018 WL 1173782, at *4 (W.D.N.Y. Mar. 6, 2018) ("[R]emand is generally not warranted where the ALJ's RFC finding is more restrictive than the limitations set

forth in the medical opinions of record.").  The ALJ also relied on Dr. Dave's objective findings; however, the ALJ determined her opined limitations were not support by her own findings and not consistent with evidence in the treatment records.  (T. 24.)

In addition, the ALJ relied on objective medical observations and treatment records.  (T. 21-25.)  The ALJ thoroughly discussed the relative infrequency of Plaintiff's emergency room visits during the relevant period, his good response to Humira injections, his reports to Dr. Wells that his abdominal pain was "intermittent" even during periods without consistent treatment, Plaintiff's numerous denials of diarrhea, the overall stability of his weight, the normal colonoscopy and endoscopy in 2017, the minimal complaints and treatment pertaining to arthritis, the normal physical examination findings, normal x-ray results, and Plaintiff's daily activities during the relevant period. (T. 22-24.)  Lastly, the ALJ considered Plaintiff's testimony concerning his daily activities and limiting effects of his symptoms.  (T. 25.)  Plaintiff fails to provide any evidence in the record of greater functional limitations than those imposed by the ALJ.  Ultimately, it is Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ. *Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018).

The Court cannot set aside the Commissioner's disability determination unless it finds that the decision is based on either legal error or factual findings that are unsupported by substantial evidence.  The "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek*, 139 S. Ct. at 1154.  "[I]t is . . . a very deferential standard of review - even more so than the 'clearly erroneous' standard." *Brault,* 683 F.3d at 448.  In particular, it requires deference "to the Commissioner's

resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).

**ACCORDINGLY**, it is

ORDERED that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **DENIED**; and it is further

ORDERED that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and it is further

ORDERED that Defendant's unfavorable determination is **AFFIRMED**; and it is further

ORDERED that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:        August 8, 2022

William B. Mitchell Carter
U.S. Magistrate Judge